UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY L. WILSON,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-09-0254-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 9, 15.)  Attorney Paul L. Clark represents Kay L. Wilson (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on October 6, 2004. (Tr. 151.) She alleged disability due to post-surgery bilateral knee pain with an onset date of May 15, 2002. (Tr. 150, 167.)  After benefits were denied initially and on reconsideration,  Plaintiff requested a hearing before an administrative law judge (ALJ).  A hearing before ALJ Mary Bennett Reed was held on January 10, 2007.  (Tr. 609-54.)

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff, who was represented by counsel, and vocational expert Debra Uhlenkott testified. (*Id.*)  The ALJ denied benefits on March 12, 2007, and the Appeals Council denied review. (Tr. 1-5, 16-26.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 29 years old at the time of the hearing, had a ninth grade education and a high school equivalency degree. (Tr. 648.) She was unmarried with two young children, one of whom lived with her in a townhouse. (Tr. 624-25.) Plaintiff has past work experience as a nurse's assistant and home attendant. (Tr. 647.) She testified she could no longer work due to pain and limitations caused by post operative knee impairments and the effects of pain medication. (Tr. 615, 618,

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4

636.)

**ADMINISTRATIVE DECISION**

ALJ Reed found Plaintiff met the insured status requirements for DIB through December 31, 2007. (Tr. 18.) At step one of the sequential evaluation, she found Plaintiff had made an unsuccessful work attempt after her alleged onset date, May 15, 2002, and thus had not engaged in substantial gainful activity since that date, *Id*. At steps two and three, she found Plaintiff had severe impairments of obesity, bilateral knee pain and high blood pressure, but the impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 19-21.) At step four, she determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work. Specifically, she found Plaintiff could lift, carry, and/or push and pull less than 10 pounds frequently and up to 10 pounds occasionally; sit for six hours in an eight-hour day with normal breaks; stand and/or walk up to two hours in an eight-hour day for 15 to 30 minutes at a time; handle and finger frequently; occasionally climb stairs and ramps; and should avoid stooping, walking on uneven surfaces, and climbing ropes, ladders and scaffolding. (Tr. 21-22.) In her discussion of the evidence, the ALJ found Plaintiff's subjective symptom testimony was not entirely credible. (Tr. 22-23.) Based on the RFC and VE testimony, the ALJ concluded Plaintiff could no longer perform her past work. (Tr. 24.) At step five, considering further VE testimony, the ALJ found there was a significant number of jobs in the national economy Plaintiff could still perform; therefore, she

had not been under a disability since the alleged onset date through the date of the decision denying benefits. (Tr. 25-26.)

**ISSUES**

The issue presented is whether the ALJ's decision is based on substantial evidence and free of legal error. Plaintiff argues the ALJ erred in assessing her credibility. She also argues the ALJ's step three finding that her condition does not meet or equal a Listing is not supported by substantial evidence and is based on legal error, *e.g.*, improper rejection of her treating specialist's opinion. She also contends the matter should be remanded for medical expert testimony to establish an onset date. (Ct. Rec. 9.)

**DISCUSSION**

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995). If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a listed impairment. 20 C.F.R. § 416.920(d). If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment. 20 C.F.R. § 416.926(a). A claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester,* 81 F.3d 821 at 829. A finding of medical equivalence must be based on medical evidence from acceptable medical sources only, *i.e.* licensed psychologists or physicians

designated by the Commissioner.  20 C.F.R. §§ 416.929(d)(3), .926(c),(d)

"Longstanding policy requires that the judgment of a physician or psychologist designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight."  *Social Security Ruling* (*SSR*) 96-6p.[1] The Commissioner advises when the evidence suggests a judgment of equivalence may be reasonable and a medical judgment as to medical equivalence must be made by the ALJ, a medical expert must be called.  *Id*.  Remand for medical expert testimony and additional proceedings is warranted unless it is clear from the record that Plaintiff is disabled and no other issues are outstanding.  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)*; Lester,* 81 at 830, 834; *Smolen v. Chater,* 80 F.3d 1273, 1291-92 (9th Cir. 1996); *see also Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).

Here, Plaintiff contends the opinion of her treating physician, H. Graeme French, M.D., that she met Listing 1.02 was improperly rejected by the ALJ, and if credited, she would be eligible for

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005)*; Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7

disability benefits.  The relevant criteria for Listing 1.02 are as follow:

> *Major dysfunction of a joint)s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motions or other abnormal motion of the affected joints, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).
>
> With:
>
> A.   Involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in inability to ambulate effectively as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App.1, Section 1.02.  The "inability to ambulate effectively" is defined as follows:

> *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school   Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.  The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id*. at Section 1.00B2b.

In her appeal of ALJ's Reed's denial of benefits, Plaintiff presents a reasonable theory of medical equivalency based on the medical evidence, including a questionnaire completed by Dr. French in December 2005, six months after his last examination of Plaintiff prior to the administrative hearing.  (Ct. Rec. 9 at 6; Tr. 341-46,

410-11, 644.) Plaintiff also submitted new evidence reviewed by the Appeals Council after the March 2007 ALJ hearing that includes medical evidence from Dr. French describing treatment and limitations caused by her knee surgeries.[2] (Tr. 416-608.)

The opinions of a treating physician are generally given more weight than other medical sources because they provide a longitudinal, detailed picture of a claimant's impairment. 20 C.F.R. §§ 404.1527(d)(20, 416.927(d)(2). The record shows Dr. French, an orthopedic specialist, treated Plaintiff's knee condition between April 2004 and June 2005, and then from October 2007 through January 2009. In the December 2005 questionnaire, Dr. French checked off his opinions that Plaintiff met the criteria for Listing 1.02. (Tr. 342-43.) The ALJ rejected this report because it did not establish the onset date and because the conclusion was inconsistent with the doctor's treatment notes. (Tr. 21.) He also found there was no evidence the claimant returned for treatment after June 2005 and no indication she wore a prescribed knee brace. (*Id.*, *but see* Tr. 204, 240 (indicating use of prescribed brace).) These reasons are not sufficiently "specific and legitimate" to

---

[2] In the Ninth Circuit, when the Appeals Council specifically considers new materials in the context of denying the claimant's request for review, "we consider the rulings of both the ALJ and the Appeals Council." *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). The record on review includes the ALJ's decision as well as the new evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9

reject Dr. French's conclusions.[3]  *Benecke*, 379 F.3d at 592 (treating physician's contradicted opinion is given more weight than that of a non-examining physician and can be rejected only with specific and legitimate reasons); *Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989)(a treating physician opinion is given special weight).

The ALJ correctly found the medical evidence supports the finding of a severe impairment that could reasonably be expected to cause the pain reported. (Tr. 23.)  The record shows Plaintiff sought treatment for her knee problems consistently over the years and was compliant with treatment recommendations to the extent they did not cause her additional pain (Tr. 309); she attempted to return to work and live a normal life, but was unsuccessful due to pain and aggravation of her condition. (Tr. 18.)  Treatment notes and physical therapy records throughout the record evidence short term success in conservative treatment, adverse side effects of physical therapy and prescribed medications, complications with surgeries, and consistent reports of pain, all of which appear consistent with Dr. French's conclusions. (*See, e.g.,* Tr. 194, 211, 213, 237, 240,

---

[3] Dr. French's opinion is contradicted by the findings of reviewing physician Norman Staley, M.D., dated January 26, 2005. (Tr. 282-89.)  However, Dr. Staley is neither an examining medical source nor an orthopedic specialist; therefore, his opinions are given less weight than those of Dr. French. *Benecke,* 379 F.3d at 592.  It is also noted his opinions are based on medical evidence that pre-dates Dr. French's 2005 treatment notes and conclusions. (Tr. 289, 300-02, 342-43.)

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 10

243, 290, 301-02, 309, 311.)

Medical equivalence must be based on medical findings in the entire record. 20 C.F.R. §§ 404.1526, 416.926. Plaintiff's claim of medical equivalence is being asserted based on the longitudinal medical record, which is substantial and technical, and opinions from acceptable medical sources. The record includes imaging reports and treatment notes from orthopedic specialists, Plaintiff's primary physician, and the physical therapy providers. Even assuming the ALJ's reasoning that Plaintiff's subjective complaints are not entirely credible is "clear and convincing," Plaintiff's statement that she had problems with stairs and could not walk on uneven surfaces is supported by evidence from two orthopedic specialists and Plaintiff's treating physician:[4] Dr. Jones, Dr. Kym and Dr. French. (Tr. 194, 237, 344, 619.) The ALJ clearly credited these opinions and Plaintiff's statements because the RFC determination indicates she is restricted in climbing stairs and should avoid walking on uneven surfaces. (Tr. 22.)

The ALJ's rejection of Dr. French's opinion that Plaintiff meets Listing 1.02 is not supported by specific and legitimate reasons. It is noted on independent review, however, that Dr. French's opinions regarding "subluxation" and imaging findings are incomplete (Tr. 342), and the technical reports from specialists and

---

[4] The Commissioner gives more weight to medical specialists' opinions about medical issues relating to their area of speciality than to a medical source who is not a specialist. 20 C.F.R. §§ 404.1513 (d)(5), 416.927(d)(5).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11

the various imaging results in the record are not sufficiently explained in the record or in the ALJ's decision to allow adequate review by this court of the ALJ's step three findings. Consistent with the Commissioner's policy, the services of a medical expert are necessary to explain and interpret the medical record for step three purposes. 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii); *SSR* 96-6p.

As directed by the Commissioner in his policy ruling, the medical evidence in its entirety should be reviewed by a medical expert to determine whether Plaintiff's knee condition and obesity in combination met Listing 1.02 at any time during the claimed period of disability, and if so, the medical expert should use his or her expertise to infer an onset date. *SSR* 96-6p; *SSR* 83-20.[5] Because it is not clear from the record whether Plaintiff is

---

[5] The onset date represents the date upon which Plaintiff is disabled and, therefore, eligible for benefits. The establishment of the onset date is especially critical in Title II (DIB) cases, because it may affect whether Plaintiff is eligible for past earned benefits, and if so, the amount she can be paid. *See SSR* 83-20. Where disability is caused by a distinct trauma, and medical documentation is available to establish the date of trauma and severity of impairment, the Commissioner may base a finding of onset on evidence from acceptable medical sources. *Id*. However, in progressive diseases, such as degenerative disk disease, the date of onset is frequently unclear, and inferences must be made to establish this critical finding. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 12

entitled to disability benefits based on the Listings, remand for further proceedings is appropriate. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with this decision, including, but not limited to, medical expert testimony and new step three findings.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff**, and the file shall be **CLOSED**.

DATED October 6, 2010.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 13